IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN<br>2201 Wisconsin Ave. NW #404<br>Washington D.C. 20007<br><br>Plaintiff,<br><br>vs.<br><br>H&R BLOCK, INC.<br>Block World Headquarters<br>4400 Main Street<br>Kansas City, MO 64111<br><br>and<br><br>H&R BLOCK FINANCIAL ADVISORS, INC.<br>719 Griswold Street<br>Suite 1700<br>Detroit, MI 48226<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S. C. §§ 1332, 1441, and 1446, please take notice that Defendants H&R

Block, Inc., and H&R Block Financial Advisors, Inc. (collectively, "Defendants") by their

attorneys, hereby file this Notice of Removal from the Superior Court of the District of Columbia

(Case No. 3552-06) to the United States District Court for the District of Columbia. Defendants'

Notice of Removal is based on the following:

　　　　1.　　　　On May 8, 2006, plaintiff Lynn Kohan filed this action against Defendants in the

Superior Court of the District of Columbia, Civil Division. Defendants were served with the

complaint on May 10, 2006. Therefore, this petition is timely under § 1446(b). A copy of the

complaint served on Defendants is attached hereto as Exhibit A, as required by § 1446(a).

2.      Plaintiff brought this suit on behalf of the general public of the District of Columbia, alleging that Defendants violated the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*  Specifically, plaintiff alleges that Defendants marketed an individual retirement account called the "Express IRA" ("XIRA"), but failed to disclose the full extent of the fees and tax penalties associated with the XIRA, and failed to adequately warn customers that the XIRA's fees and penalties could result in the reduction of their principal over time.  Ex. A ¶¶ 2-3.  Plaintiff alleges that as a result of Defendants' actions, she and the general public of the District of Columbia are entitled to, among other things, an injunction against Defendants' conduct found to be in violation of the CPPA, and "treble damages or statutory damages in the amount of $1,500 per violation, whichever is greater, pursuant to D.C. Code § 28-3905(k)(1)."  Ex. A ¶ 63; (a).

3.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because this is an action between citizens of different states and the sum or value of the amount in controversy exceeds $75,000.

4.      Plaintiff Kohan is a resident of the District of Columbia.  Defendant H&R Block, Inc., is incorporated in Missouri and has its headquarters in Kansas City, Missouri.  Defendant H&R Block Financial Advisors, Inc., is incorporated in Michigan and has its headquarters in Detroit, Michigan.[1]

5.      Defendants believe in good faith that the amount in controversy in this matter exceeds the jurisdictional amount of $75,000.  Plaintiff seeks an injunction requiring Defendants

---

[1] While removing this action from the Superior Court of the District of Columbia to this Court, Defendant H&R Block, Inc. reserves the right to contest whether personal jurisdiction over H&R Block, Inc. can be established in any court in the District of Columbia.  H&R Block, Inc. maintains no offices in the District of Columbia and does not conduct business in the District of Columbia.

to cease the conduct that allegedly violates the CPPA. In order to comply with such an injunction, Defendants would have to alter their practice of offering customers the XIRA in the District of Columbia, and would have to create and produce new marketing materials specifically for use in the District of Columbia. Defendants therefore believe in good faith that the cost of complying with an injunction would exceed $75,000.

6.    In addition, although Plaintiff does not specify the total amount of damages to which she and the general public are allegedly entitled, Plaintiff seeks at least $1500 in statutory damages for each XIRA that was established in the District of Columbia. Ex. A ¶ 63. Because $1500 in damages per each established XIRA would amount to $75,000 even if only 50 XIRAs were established in the District of Columbia, Defendants believe in good faith that the total number of XIRAs established in the District of Columbia is large enough to result in a total statutory damages claim of well over $75,000.[2]

7.    In paragraph 63 of her complaint, Plaintiff also seeks an award of "reasonable attorneys' fees," as is authorized by the CPPA, *see* D.C. Code 28-3905(k)(1)(B). Because the award of attorney's fees is authorized by statute, Plaintiff's request for an award of attorneys' fees is properly considered as part of the amount in controversy. *See, e.g., Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 WL 1028959, at *2 (D.D.C. April 18, 2006); *see also Stevenson v. Severs*, 158 F.3d 1332, 1334 (D.C. Cir. 1998). Plaintiff alleges that Defendants knowingly defrauded customers by failing to disclose the amount and nature of various fees and penalties associated with XIRA accounts, and that these fees and penalties in fact resulted in decreases in principal for most XIRA holders; failed to adequately train its tax

---

[2] The prohibition against aggregating damages for purposes of the amount in controversy does not apply to private attorney general actions, which are distinct from class actions in that they do not assert the individual claims of multiple class members. *See, e.g., Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992).

preparers to give advice about the accounts; and knowingly misrepresented the nature of long-term savings vehicles such as IRA accounts. Establishing these allegations will require extensive discovery into, among other things, the knowledge of Defendants' executives and employees, the conduct of Defendants' executives and employees, and the nature and performance of the XIRA accounts themselves. In light of the extensive litigation envisioned by Plaintiff's complaint and the expansive nature of the monetary and injunctive relief sought, Plaintiff's legal fees can be expected to exceed $75,000.

8.      Defendants believe in good faith that each of the above-mentioned components of the relief sought by Plaintiff is in itself sufficient to establish the requisite amount in controversy. Defendants also believe that even if the individual elements of the relief sought do not each exceed $75,000, the costs of the injunction, damages, and attorney's fees combined will total more than $75,000. Accordingly, the $75,000 minimum is easily satisfied, and this court has original jurisdiction under 28 U.S.C. § 1332.

9.      Written notification of the filing of this notice, together with a copy of the notice, will be provided to Plaintiff and will be filed with the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants H&R Block, Inc., and H&R Block Financial Advisors, Inc., remove the subject action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Dated: June 9, 2006

Respectfully submitted,

H&R Block, Inc., and H&R Block Financial
Advisors, Inc.

By: _____
One of Their Attorneys

Paul M. Smith (D.C. Bar No. 358870)
Ginger D. Anders (D.C. Bar. No. 494471)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington DC 20005-3823
Telephone: 202-639-6000
Facsimile: 202-639-6066

Anton R. Valukas
Matthew M. Neumeier
Richard P. Steinken
Molly J. Moran
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312-222-9350
Facsimile: 312-527-0484

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. _____ |
| | ) |
| H&R BLOCK, INC., and H&R BLOCK | ) |
| FINANCIAL ADVISORS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**To:    See Attached Service List**

Please be advised that on June 9, 2006, defendants H&R Block, Inc., and H&R

Block Financial Advisors, Inc., have filed in the Office of the Clerk of the United States District

Court for the District of Columbia, a Notice of Removal of this cause previously commenced in

the Superior Court of the District of Columbia, to be removed from the State Court to the U.S.

District Court.  A copy of the Notice of Removal is attached hereto and served herewith.

Respectfully submitted,

H&R Block, Inc., and H&R Block Financial
Advisors, Inc.

By:_____
One of Their Attorneys

Paul M. Smith (D.C. Bar No. 358870)
Ginger D. Anders (D.C. Bar. No. 494471)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington DC 20005-3823
Telephone: 202-639-6000
Facsimile: 202-639-6066

1

Anton R. Valukas
Matthew M. Neumeier
Richard P. Steinken
Molly J. Moran
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

**SERVICE LIST**

Tracy D. Rezvani
Donald J. Enright
Hilary Ratway
Stan M. Doerrer
**FINKELSTEIN, THOMPSON & LOUGHRAN**
The Duvall Foundry
1050 30th St. NW
Washington, DC 20007
Telephone (202) 337-8000
Facsimile (202) 337-8090

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. _____ |
| | ) |
| H&R BLOCK, INC., and H&R BLOCK | ) |
| FINANCIAL ADVISORS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certify that I caused a copy of the attached Notice of Filing

of Notice of Removal and the attached Notice of Removal to be served on the following by

facsimile and by First Class United States Mail by faxing and depositing in the U.S. Mail

depository copies of the same before 5:00 p.m. on this 9th day of June, 2006:

Tracy D. Rezvani
Donald J. Enright
Hilary Ratway
Stan M. Doerrer
**FINKELSTEIN, THOMPSON & LOUGHRAN**
The Duvall Foundry
1050 30th St. NW
Washington, DC 20007
Telephone (202) 337-8000
Facsimile (202) 337-8090

_____
Attorney for Defendants