UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN, )<br>)<br>　　　　Plaintiff, )<br>　v. )<br>)<br>H&R BLOCK, INC. and H&R BLOCK )<br>FINANCIALADVISORS, INC., )<br>)<br>　　　　Defendants. )<br>_____ ) | Civil Action No. 06-1066 (RCL) |

**PLAINTIFF'S MOTION FOR REMAND**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

For the reasons stated in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction, Plaintiff respectfully moves, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to the Superior Court for the District of Columbia.

Dated: June 22, 2006

　　　　　　　　　　　　　　　　　　FINKELSTEIN, THOMPSON & LOUGHRAN

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Tracy D. Rezvani　(DC Bar #464293)
　　　　　　　　　　　　　　　　　　Donald J. Enright　(DC Bar #463007)
　　　　　　　　　　　　　　　　　　Hilary Ratway　　(DC Bar #481465)
　　　　　　　　　　　　　　　　　　Stan M. Doerrer
　　　　　　　　　　　　　　　　　　The Duvall Foundry
　　　　　　　　　　　　　　　　　　1050 30th Street, NW
　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　(202) 337-8000
　　　　　　　　　　　　　　　　　　(202) 337-8090 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
LYNN KOHAN,                        )
                                   )
         Plaintiff,                )    Civil Action No. 06-1066 (RCL)
      v.                           )
                                   )
H&R BLOCK, INC. and H&R BLOCK      )
FINANCIALADVISORS, INC.,           )
                                   )
         Defendants.               )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION**

For the reasons set forth below, Plaintiffs hereby request, pursuant to 28 U.S.C. § 1447(c), that this Court enter an order remanding this case to the Superior Court of the District of Columbia.

**BACKGROUND**

On May 8, 2006, Plaintiff Lynn Kohan ("Plaintiff") filed suit against H&R Block, Inc. and H&R Block Financial Advisors, Inc. (collectively, "H&R Block" or "Defendants") in the Superior Court of the District of Columbia, asserting a single claim under the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3904. Plaintiff asserts her claim on behalf of the general public of the District of Columbia pursuant to the private attorney general provision of the CPPA, D.C. Code § 28-3905(k)(1).

Since 2001, H&R Block has marketed an individual retirement account ("IRA") called the "Express IRA," representing it as a suitable retirement vehicle and as a "better way to save" with "great rates." However, unlike many other IRAs which offer various

investment options such as stocks, bonds, and mutual funds, the Express IRA has only one investment option: an FDIC insured money market account. Such accounts typically pay an interest rate less than the rate of inflation. In addition to paying a nominal interest rate, the Express IRA charges high fees that are not adequately disclosed. As a result of the low interest rate and high fees, the Express IRA is a retirement account that will actually shrink over time.

In marketing the Express IRA, H&R Block has violated the CPPA by, *inter alia*, failing to disclose the full extent of the fees associated with the Express IRA; failing to adequately warn its customers that these fees will reduce their principal over time unless they make large or repeated deposits; failing to adequately disclose penalties meant to discourage early withdrawals; and failing to provide its clients with adequate guidance in determining whether the Express IRA is a suitable retirement investment.

On behalf of the general public, Plaintiff seeks to enjoin H&R Block from its misleading marketing practices. Plaintiff also seeks treble or statutory damages of $1,500 per violation, *i.e.* per Express IRA sold, whichever is greater, for purchasers of Express IRAs. Finally, Plaintiff seeks her costs of prosecuting this action, including attorneys' fees, and any other such relief as the court may deem just and proper.

On June 9, 2006, Defendants removed Plaintiff's CPPA case to this Court on the basis of diversity jurisdiction. H&R Block argues that removal is proper because: (1) they "believe in good faith" that the total number of Express IRAs established in the District of Columbia is large enough to result in a total statutory damages claim of well over $75,000; (2) they "believe in good faith" that the cost of complying with an injunction would exceed $75,000; and (3) "Plaintiff's legal fees can be expected to

exceed $75,000." Notice of Removal at 3-4. Defendants present no affidavit or other evidence to support their "good faith belief" that jurisdiction is appropriate.

Plaintiff does not dispute that the parties are citizens of different states. However, Plaintiff does dispute Defendants' assertion that the amount in controversy requirement is satisfied. As discussed in more detail below, because Defendants have failed to satisfy the heavy burden of demonstrating that the amount in controversy exceeds $75,000, remand is appropriate.

## LEGAL ARGUMENT

### I.    DEFENDANTS BEAR A HEAVY BURDEN OF PROVING THAT THIS COURT HAS JURISDICTION

Federal courts are courts of limited jurisdiction and therefore the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). A defendant may properly remove to federal court an action brought in a state court when original subject matter jurisdiction exists in the form of diversity. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $ 75,000.00 per plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990).

When a plaintiff moves for remand, the defendant bears the burden of proving federal jurisdiction. *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985) ("*NOW*"). Jurisdiction must be established in the notice of removal, not some later pleading or filing. *Coco-Cola Bottling of Emporia, Inc. v. South Beach*

3

*Beverage Co., Inc.*, 198 F. Supp.2d 1280, 1283 (D. Kan. 2002); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Because the removal statute is to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997), courts must resolve any doubt concerning the propriety of removal in favor of remand. *Walker v. Waller*, 267 F. Supp.2d 31, 32 (D.D.C. 2003); *Univ. of S. Ala.*, 168 F.3d at 411; *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

As discussed in more detail below, Defendants' Notice of Removal fails to satisfy the heavy burden of proving that the amount in controversy is sufficient to confer jurisdiction upon this Court.

II. **DEFENDANTS HAVE NOT PROVEN THAT THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO CONFER JURISDICTION UPON THIS COURT**

    A. **The Anti-Aggregation Rule Applicable To Class Actions Similarly Prohibits The Aggregation Of Damages In Private Attorney General Actions**

The well-settled rule in class actions specifies that the claims of multiple class members may not be aggregated for purposes of determining the amount in controversy unless several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, No. 04-70, 2005 U.S. LEXIS 5015, *8 (2005); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973); *Snyder v. Harris,* 394 U.S. 332, 335 (1969); *Williams v. Purdue Pharma Co.*, No. 02-0556, 2003 U.S. Dist. LEXIS 19268, *13 (D.D.C. Feb, 27, 2003); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp.2d 37, 40-41 (D.D.C. 1999).

In *Reigner v. Ingersoll-Rand Co.*, No. 04-1769, slip op. at 2 (D.D.C. Nov. 23,

2004) (Exhibit 1 to Declaration of Hilary K. Ratway in Support of Plaintiff's Motion to Remand), this court recently addressed the question whether a plaintiff's claims for damages in a private attorney general action are more like those of individual plaintiffs in a class action, which can not be aggregated for purposes of achieving the jurisdictional amount needed for removal, or more like a claim for a common and undivided right, which can be aggregated.

As in the present case, the plaintiff in *Reigner* brought suit under the private attorney general provision of the CPPA seeking actual damages to consumers, treble damages or $1,500 per violation of the CPPA whichever was greater, and "such additional relief in representative actions 'as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice." *Reigner*, slip op. at 4. The court concluded that the requested damages were akin to those sought by individual consumers, not a joint or common right in a common fund, and therefore were not subject to aggregation. *Id.*

Defendants recognize the rule that damages cannot be aggregated in class actions, but claim that damages can be aggregated in private attorney general actions and cite *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992).[1] In *Mangini,* the court stated the broad proposition that there was no authority indicating that

---

[1] In *Mangini,* the plaintiff brought suit on behalf of the California public in a California state court pursuant to the private attorney general provision of the California Business and Professions Code § 17204. Section 17204, upon which D.C. Code § 28-3905(k)(1) is modeled, provides: "Action for injunction pursuant to this chapter may be prosecuted by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and with the consent of the district attorney, by a city prosecutor in any city or city and county having a full-time city prosecutor, or with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association *or by any person acting for the interests of itself, its members or the general public.*" (emphasis added).

5

courts should treat a private attorney general action as a class action for purposes of determining whether the amount in controversy had been satisfied and the court therefore refused to do so. 793 F. Supp. at 928.

Defendants' reliance on *Mangini*, however, is misplaced. Numerous courts have since rejected *Mangini's* distinction between private attorney general actions and class actions. *See, e.g., Ecker v. Ford Motor Co.,* No. 02-6833, 2002 U.S. Dist. LEXIS 26229, *8-11 (C.D. Cal. Nov. 12, 2002); *Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-1106, 2002 U.S. Dist. LEXIS 11683, *12-13 (N.D. Cal. June 20, 2002); *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232-33 (N.D. Cal. 2000); *Phipps v. Praxair, Inc.*, No. 99-1848, 1999 U.S. Dist. LEXIS 18745, *14-15 (S.D. Cal. Nov. 12, 1999).

In *Boston Reed*, the Northern District of California expressly acknowledged its change in reasoning since its decision in *Mangini*, explaining:

> The Court finds the reasoning in Phipps and Surber to be persuasive, especially since the California courts themselves have recently recognized the representative nature of a § 17204 claim. [footnote omitted] Therefore, because the Court finds that a UCL private attorney general action is a collection of "separate and distinct" claims, the claims may not be aggregated to reach the amount in controversy and each plaintiff's claim must exceed the jurisdictional amount for this court's subject matter jurisdiction to be invoked.

2002 U.S. Dist. LEXIS 11683 at *15.

Treating a representative action differently from a class action would essentially create federal question jurisdiction over any all CPPA claims between diverse parties, no matter how small the injury to the representative plaintiff. Such a result is untenable as the CPPA is not a federal cause of action and this Court is a court of limited jurisdiction. *Kokkonen,* 511 U.S. at 377. Because the *Mangini* rule on aggregation has been

repeatedly rejected and because the damages requested by Plaintiff herein are identical to those requested by the plaintiff in *Reigner*, the court should refuse to aggregate the requested damages and should remand the case to Superior Court for the District of Columbia.

Even assuming, *arguendo*, that damages could be aggregated, Defendants have not satisfied their burden of demonstrating the amount in controversy exceeds $75,000. Defendants claim that because Plaintiff seeks at least $1,500 in statutory damages for each Express IRA established in the District of Columbia, the amount in controversy would amount to $75,000 even if only 50 Express IRAs were established here. Notice of Removal at 3. Yet, Defendants provide no evidence, such as an affidavit, in support of their claim that 50 Express IRAs were in fact established here.

Because jurisdiction must be established in the Notice of Removal and not some later pleading or filing, *Coco-Cola*, 198 F. Supp.2d at 1283; *Laughlin*, 50 F.3d at 873, Defendants' assertion of federal jurisdiction is premised solely on conclusory allegations and "good faith" beliefs that the amount in controversy exceeds $75,000. Such allegations and beliefs are not sufficient to confer jurisdiction upon this Court. *See, e.g., Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp.2d 34, 42 (D.D.C. 2003) (the party asserting federal jurisdiction must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations); *Valdez v. Allstate Ins. Co.*, 372 F.2d 1115, 1117 (9th Cir. 2004) (removal petition that averred "upon information and belief" that the amount in controversy exceeded $75,000 was insufficient); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's]

burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the requirement). As such, remand is appropriate.

      **B.**      **The Value Of Injunctive Relief May Not Be Measured From The Defendants' Perspective To Satisfy The Amount In Controversy**

Like the rule prohibiting the aggregation of damages, it is well-settled that in class actions, courts should not consider the cost to the defendant in complying with an injunction for purposes of determining the amount in controversy. *NOW*, 612 F. Supp. at 108 (citing *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977); *Lonquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970)). The courts that have adopted this rule have reasoned that viewing the cost of complying with an injunction from the defendant's point of view is simply another way of aggregating damages. *Id*. Because, as discussed above, the rule against aggregating damages applies equally to private attorney general actions, measuring the cost of injunctive relief from the defendant's viewpoint is similarly prohibited in private attorney general actions. *Boston Reed*, 2002 U.S. Dist. LEXIS 11683 at *17; *Surber*, 110 F. Supp.2d at 1233-34.

Because Defendants do not claim that the value of injunctive relief from Plaintiff's perspective meets the amount in controversy requirement, Defendants have failed to satisfy their burden of proving jurisdiction.

      **C.**      **Attorneys' Fees May Not Be Aggregated To Satisfy The Amount In Controversy**

The general rule is that attorneys' fees may be considered part of the amount in controversy if they are allowed for by statute or contract. *See, e.g., Brand v. Gov. Employees Ins. Co.*, No. 04-1133, 2005 WL 3201322, *6 (D.D.C. Nov. 29, 2005); *Walker*

*v. Waller*, 267 F. Supp.2d 31, 33 (D.D.C. 2003); *NOW*, 612 F. Supp. at 108. While the CPPA allows for the recovery of reasonable attorneys' fees, it does not mandate the recovery of attorneys' fees. Therefore, recovery of attorneys' fees in this case is speculative and should not serve as a basis for federal jurisdiction.

Moreover, even when attorneys' fees are recoverable by statute or contract, they cannot be aggregated to satisfy the amount in controversy and must instead be allocated on a *pro rata* basis. *NOW*, 612 F. Supp. at 108; *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1293 (10th Cir. 2001); *H & D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330-31 (5th Cir. 2000); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *Darden v. Ford Consumer Fin Co.*, 200 F.3d 753, 758 (11th Cir. 2000); *Goldberg v. PCP Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982); *Boston Reed*, 2002 U.S. Dist. LEXIS 11683 at *20; *Phipps*, 1999 U.S. Dist. LEXIS 18745 at *11.

Defendants have not proven that Plaintiff's *pro rata* share of any possible attorneys' fees would exceed $75,000. Defendants make only conclusory statements regarding attorneys' fees in this case—"In light of the extensive litigation envisioned by Plaintiff's complaint and the expansive nature of the monetary and injunctive relief sought, Plaintiff's legal fees can be *expected* to exceed $75,000"—and cite to *Your Girl Friday, LLC v. MGF Holding, Inc.*, No. 06-0385, 2006 WL 1028959, *2 (D.D.C. April 18, 2006).[2] Notice of Removal at 4 (emphasis added). As discussed above, conclusory

---

[2]    Defendants also cite *Stevenson v. Severs*, 158 F.3d 1332, 1334 (D.C. Cir. 1998), which is wholly inapposite. After discovering a problem with a trust set up for her children, Stevenson sued her attorney seeking recovery of gift taxes, estate taxes and the attorneys' fees. 158 F.3d at 1333. The district court granted summary judgment and Stevenson appealed. *Id.* On appeal, summary judgment was upheld on the claims for gift taxes and estate taxes, but reversed on the claim for attorneys' fees. *Id.* The court then concluded that since the district court had original jurisdiction over Stevenson's claims since the amount in controversy from the combined claims for gift taxes, estate taxes, and attorneys' fees exceeded $75,000, it

statements are an insufficient basis for jurisdiction. *See, e.g., Atlantigas Corp.*, 290 F. Supp.2d at 42; *Valdez*, 372 F.2d at 1117; *Gaus*, 980 F.2d at 567.

Moreover, *Your Girl Friday*, upon which Defendants rely, actually *supports* remand in this case.[3] Therein, the defendant argued that the amount in controversy was satisfied because the "plaintiff's attorney 'may bill out at as much as $400.00 per hour' and thus 'in order to accrue $25,000 in attorney's fees, [the plaintiff's] counsel would only need to expend some 75 hours of work.'" 2006 WL 1028959 at *2. The court concluded that the defendant's "conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction." *Id.*

In *Surber*, the court similarly concluded that the defendant's conclusory statement that the requested attorneys' fees satisfied the amount in controversy was insufficient:

> Defendant has not estimated the amount of time that the case will require, nor has it revealed plaintiff's counsel's hourly billing rate. Rather than proffer any evidence on this issue, defendant's brief summarily states that plaintiff's Brandt fees "may well, in and of themselves, exceed the jurisdictional minimum." This bald statement, unsupported by any evidence, does not suffice to create subject matter jurisdiction.

110 F. Supp.2d at 1232. The same conclusion should be reached here.

Even assuming, *arguendo*, that Plaintiff's attorneys' fees exceeded $75,000, jurisdictional principles militate against allowing attorney fees to satisfy the amount in controversy because the recovery of attorney fees will nearly always be collateral to a substantive matter in controversy. *Srour v. Barnes*, 670 F. Supp.18, 22 (D.D.C. 1987).

---

was within the district court's discretion to exercise supplemental jurisdiction over the $25,000 claim for attorneys fees on remand. 158 F.3d at 1334. This case does not address whether attorneys' fees are properly included in the amount in controversy when they are not the subject of dispute in the case. Thus, this case in no way supports remand in the present case.

[3]    The complaint sought damages of $50,000, thus the defendant argued that the inclusion of $25,000 in attorneys' fees would satisfy the amount in controversy. *Your Girl Friday*, 2006 WL 1028959 at *2.

"[A]s a policy matter, allowing attorney fees to constitute the matter in controversy would hinge federal jurisdiction on the fee schedules of lawyers instead of the weight of the substantive issue before the court." *Id.* In other words, allowing attorneys fees to satisfy the amount in controversy would confer federal jurisdiction on every mass action under the CPPA. Such a result is untenable.

Because Plaintiff's recovery of attorneys' fees is speculative and Defendants' allegations regarding the amount of attorneys' fees are conclusory, Defendants have failed to satisfy their burden of proving jurisdiction and this Court should remand the case to the Superior Court for the District of Columbia.

### III. PLAINTIFF ASSERTS A STATE CAUSE OF ACTION WHICH HAS YET TO BE INTERPRETED BY THE DISTRICT OF COLUMBIA COURT OF APPEALS

Plaintiff's complaint contains no federal cause of action and fails to meet the amount in controversy requirement for diversity jurisdiction. Plaintiff asserts a single cause of action under the attorney general provision of the CPPA, which has yet to be interpreted by the District of Columbia Court of Appeals. Because the interpretation of a state statute is better left to the state courts, the Court should remand this case to the Superior Court for the District of Columbia. *See Smith v. Gutter Covers of Maryland & Virginia*, No. 04-1974, 2005 U.S. Dist LEXIS 38664, *12 (D.D.C. Aug. 4, 2005) (remanding case brought under the home solicitation provision of the CPPA because it had not yet been construed by the District of Columbia courts).

As the court explained in *Smith*, "both judicial economy and this court's 'reluctance to retain pendent jurisdiction over a question for which state jurisprudence gives inadequate guidance,' ... support remand." 2005 U.S. Dist LEXIS 38664 at *12

(quoting *Vigilant Ins. Co., v. EEMAX, Inc.*, 362 F. Supp.2d 219, 224 (D.D.C. 2005); *Women Prisoners of District of Columbia Dep't of Corr. v. District of Columbia*, 320 U.S. App. D.C. 247, 93 F.3d 910, 922 (D.C. Cir. 1996)). Accordingly, the law and analysis governing this action should be determined by the state court system and not a federal court sitting in diversity.

## CONCLUSION

Because Defendants have failed to satisfy the heavy burden of demonstrating that the amount in controversy exceeds $75,000 and because interpretation of the attorney general provision of the CPPA is better left to the District of Columbia courts, Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction should be granted, and this case should be remanded to the Superior Court for the District of Columbia.

Dated: June 22, 2006

**FINKELSTEIN, THOMPSON & LOUGHRAN**

/s/ Tracy Rezvani

Tracy D. Rezvani (DC Bar #464293)
Donald J. Enright (DC Bar #463007)
Hilary Ratway (DC Bar #481465)
Stan M. Doerrer
The Duvall Foundry
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000
(202) 337-8090 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>H&R BLOCK, INC. and H&R BLOCK )<br>FINANCIALADVISORS, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 06-1066 (RCL) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of June, 2006, true and correct copies of Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction, Memorandum of Points and Authorities in Support of Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction, and Declaration of Hilary K. Ratway in Support of Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction was served via **facsimile and first class mail** upon:

| | |
|---|---|
| Paul M. Smith<br>Ginger D. Anders<br>JENNER & BLOCK LLP<br>601 Thirteenth Street, NW<br>Suite 1200 South<br>Washington, DC 20005<br>Tel: 202-639-6000<br>Fax: 202-639-6066 | Anton R. Valukas<br>Matthew M. Neurmeier<br>Richard P. Steinken<br>Molly J. Moran<br>JENNER & BLOCK LLP<br>One IBM Plaza<br>Chicago, IL 60611<br>Tel: 312-222-9350<br>Fax: 312-527-0484 |

Sandy Irwin