UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> H&R BLOCK, INC. and H&R BLOCK ) <br> FINANCIALADVISORS, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 06-1066 (RCL) |

**DECLARATION OF HILARY K. RATWAY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Hilary K. Ratway, an attorney duly admitted to practice before this Court, hereby declare and state:

1. I am associated with the law firm of Finkelstein Thompson & Loughran, 1050 30th Street NW, Washington, DC 20007, attorneys for Plaintiff.

2. I submit this declaration in support of Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction, and in order to put before the Court the exhibit which is described and identified below.

3. Attached hereto as Exhibit 1 is a true and correct copy of a slip opinion issued in *Reigner v. Ingersoll-Rand Co.*, No. 04-1769 (D.D.C. Nov. 23, 2004).

Dated: June 22, 2006
Washington, DC

Hilary Ratway   (DC Bar #481465)

# EXHIBIT 1

Case 1:06-cv-01066-RCL   Document 7-2   Filed 06/22/2006   Page 2 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN PETER REIGNER, :
:
    Plaintiff, :
:
v. : Civil Action No. 04-1769 (JR)
:
INGERSOLL-RAND COMPANY, et al., :
:
    Defendants. :

**MEMORANDUM ORDER**

    In this action, plaintiff Nathan Peter Reigner, "in his representative capacity acting for the interests of the general public," asserts a cause of action under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, against the manufacturer of the Kryptonite brand tubular cylinder lock. He alleges that the lock contains a design flaw that permits it to be opened with the hollow plastic casing of a ballpoint pen. He filed this suit in Superior Court of the District of Columbia on September 22, 2004, naming as defendants Ingersoll-Rand Company (at a New Jersey address) and Kryptonite Corporation (at a Massachusetts address). He demands "actual damages equal to the amount District of Columbia consumers paid for Affected Locks and related warranty upgrades," treble damages or $1,500 per violation of the DCCPPA whichever is greater, reasonable attorneys' fees, punitive damages, injunctive relief, and prejudgment interest. Defendants timely removed the suit to

this Court, asserting that plaintiff is a resident of the District of Columbia and that complete diversity exists between the parties. Now before the Court is plaintiff's motion for remand, which asserts (i) that the defendants have not adequately established diversity of citizenship and (ii) that, in any event, plaintiff's claim for relief does not reach the $75,000 threshold necessary for diversity jurisdiction.

Defendants have resolved the first point by filing an amended notice of removal. The second point presents a more difficult question. That question is whether plaintiff's claims for damages are more like those of individual plaintiffs in a class action, which will not be aggregated for purposes of achieving the jurisdictional amount needed for removal, or more like a claim for disgorgement, which, as Judge Collyer found in <u>Williams v. Purdue Pharma Co.</u>, 2003 U.S. Dist. Lexis 19268 (D.C.D.C.), will be aggregated.

Defendants argue that <u>Williams</u> and <u>Aetna v. U.S. Healthcare Inc v. Hoechst Aktiengesellschaft</u>, 48 F. Supp.2d 37, 38-39 (D.D.C. 1999), are the "settled law" of this circuit and require aggregation. If they are (and without debating the question of whether the opinions of two district judges, even judges as distinguished as the authors of the <u>Aetna</u> and <u>Williams</u> decisions, can ever amount to "settled law"), they stand only for a proposition that begs the question presented here, namely, that

- 2 -

"[i]f the complaint reveals a common and undivided claim 'that has a value beyond $75,000,'" the jurisdictional threshold of 28 U.S.C. § 1332 is met. Williams, supra, at *18.

Measured against that standard, the Aetna decision was easy. The complaint was captioned "claim for unjust enrichment," id., at 40, and plaintiff prayed for disgorgement on the theory that it would be inequitable for the defendant to be permitted to retain any of the proceeds of an assertedly unlawful agreement or any of the plaintiff class's overpayment for the drug in question. The facts of the Williams case are closer to those of this one but, I think, distinguishable: The case was bought under the DCCPPA as this one is. The damages provisions of the DCCPPA do not on their face set up the "joint, common or derivative right in a single res" contemplated by Bott v. Holiday Univ., Inc., No. 75, 1982, 1976 U.S. Dist. Lexis 14112 at *6 (D.D.C. July 14, 1976). Judge Collyer nevertheless looked at the language of D.C. Code § 28-3905(k)(1)(F), which provides that the plaintiff in such a case may have "any other relief which the court deems proper," put that language together with the prayer for relief in the case before her, which sought "the refund of all monies spent by Plaintiffs and class members," 2003 U.S. Dist. Lexis 19268 *18, and concluded that the Williams plaintiffs could recover a "generalized 'refund of all monies acquired.'" Id.

The complaint in this case demands "actual damages equal to the amount District of Columbia consumers paid for Affected Locks and related warranty upgrades," but that demand must be considered in light of the language of D.C. Code § 28-3905(k)(1)(E), which provides for such additional relief in representative actions "as may be necessary to restore <u>to the consumer</u> money or property, real or personal, which may have been acquired by means of the unlawful trade practice." Similarly, treble damages are payable "<u>to the consumer</u>." § 3905(k)(1)(A) Plaintiff's only resort in this case to the "catch all" language of the DCCPPA that was the linchpin of Judge Collyer's decision is a prayer for "any additional relief which may be necessary to restore to <u>each District of Columbia consumer who purchased an Affected Lock</u> and/or related warranty upgrade the money which has been acquired by defendants through the unlawful trade practices described herein in violation of the laws of the District of Columbia and of the DCCPPA."

Thus, unlike <u>Williams</u> or <u>Aetna</u>, this suit seeks damages for individual consumers, not disgorgement. It does not seek to establish a joint or common right in a common fund. It is accordingly,

**ORDERED**, the jurisdictional amount not being satisfied, that this Court lacks subject matter jurisdiction of this action and that defendants' motion for remand [#7] is **granted**.

- 4 -

Plaintiff's motion for an award of costs and expenses, including attorney's fees, incurred as a result of the removal [#14] is **denied**. The Clerk is directed to return this case to the Superior Court of the District of Columbia.

JAMES ROBERTSON
United States District Judge
