**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LYNN KOHAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:06 CV 01066 (RCL) |
| vs. | ) | |
| | ) | Honorable Royce C. Lamberth |
| H&R BLOCK, INC. and | ) | |
| H&R BLOCK FINANCIAL ADVISORS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE
AND POSTPONE DATE TO ANSWER OR OTHERWISE PLEAD**

In their Motion to Transfer Venue and Postpone Date to Answer or Otherwise Plead

("Motion to Transfer") and supporting memorandum ("Memorandum"),  Defendants H&R

Block, Inc. ("Block") and H&R Block Financial Advisors, Inc. ("HRBFA") established that

venue over this action is proper in the United States District Court for the Western District of

Missouri ("Western District of Missouri"), that the convenience of the parties and witnesses

dictate transfer of this case to the Western District of Missouri, and that interests of judicial

economy would be best served by transfer to the same Court where 14 other cases that challenge

the Express IRA ("XIRA") are now pending.  Plaintiff Lynn Kohan's ("Plaintiff") attempt to

refute these facts in her Memorandum in Opposition to Defendants' Motion to Transfer Venue

("Opposition") are unavailing.

**ARGUMENT**

**I.    VENUE IS PROPER IN THE WESTERN DISTRICT OF MISSOURI.**

In her Opposition, Plaintiff argues that venue is not proper in the Western District of

Missouri because, she claims, the $75,000 amount-in-controversy requirement is not met.

(Opposition at 3-4).  Plaintiff's argument is unpersuasive as Defendants have provided more than

sufficient evidence that the amount in controversy exceeds $75,000. In their Notice of Removal ("Notice"), filed on June 9, 2006, attached hereto as Exhibit A, Block and HRBFA explain that in order to comply with the injunction sought by Plaintiff, Defendants would have to alter their marketing practices in the District of Columbia, and produce new marketing materials and disclosure forms specifically for use in the District of Columbia. (Notice at 3). Not even Plaintiff contests that the cost of these changes would exceed $75,000. Further, Plaintiff's demand of at least $1500 in damages for each XIRA established in the District of Columbia would total $75,000 if only 50 XIRAs were established in the District of Columbia, and Plaintiff contends that Defendants have 18 offices in the District of Columbia and have opened more than 500,000 XIRAs nationwide. (Complaint ¶¶ 5, 21). Finally, given the extensive litigation and expansive relief envisioned by Plaintiff's Complaint, Plaintiff's legal fees can be expected to exceed $75,000. Thus, individually and collectively, these three factors legally and factually provide more than sufficient evidence that the amount in controversy in this matter exceeds $75,000. In further response to Plaintiff's arguments regarding the amount-in-controversy requirement, Defendants adopt and incorporate by reference as if fully set forth herein Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand, filed July 3, 2006, attached hereto as Exhibit B.[1]

## II.    PRIVATE INTERESTS OVERWHELMINGLY FAVOR THE WESTERN DISTRICT OF MISSOURI.

Plaintiff's discussion of the private interest factors fails to rebut Defendants' strong showing that numerous private interest factors, including the location where the claim arose, the

---

[1] Plaintiff's argument that Defendants cannot satisfy the amount-in-controversy requirement without a supporting affidavit (Opposition at 3), is not supported by any authority and is not well-taken. Defendants' statements are directly based on the allegations of Plaintiff's own Complaint, not novel factual assertions, and are set forth with the necessary specificity to support Defendants' good faith belief that the amount in controversy exceeds $75,000.

convenience of the parties and witnesses, the defendant's choice of forum, and the ease of access to sources of proof, overwhelmingly favor transfer to the Western District of Missouri.

Plaintiff's principal argument for keeping the case in the District of Columbia  is  the fact that Plaintiff resides in that District.  (Opposition at 5-6).  However, where, as here, other private interest factors overwhelmingly favor transfer to another District, Plaintiff's residence alone does not carry the day.  *See Nat'l Wildlife Fed., et al. v. Harvey*, No. CIV.A. 05-1671 (CKK), 2006 WL 1698912, at *2 (D.D.C. June 15, 2006) ("Private interest considerations include:  (1) the plaintiff's choice of forum, *unless the balance of convenience is strongly in favor of the defendant*") (emphasis added).  In *Nat'l Wildlife*, the Court transferred the case despite the fact that one of the plaintiffs was located in the District of Columbia.  *Id.* at 4.

Plaintiff's further argument that transfer is not appropriate because her claims allegedly arose in the District of Columbia (Opposition at 6-7), misconstrues her own case and the basis of her claims.  Plaintiff alleges that the manner in which Defendants developed, marketed and sold the XIRA to their customers was fraudulent, thereby specifically implicating the actions of management and decision-makers working for Block's subsidiaries, not those of individual tax professionals working in the District of Columbia.  *See Berenson v. Nat'l Fin. Serv., LLC, et al.*, 319 F. Supp. 2d 1, 4 (D.D.C. 2004) (holding that in a consumer fraud action, the "claims arose at the location where the corporate decisions were made.")  Thus, as pled, Plaintiff's claims allegedly arose at the relevant subsidiaries' headquarters principally based in Block's headquarters in Kansas City, Missouri.  (Affidavit of Brian Christiansen ("Christiansen Aff."), attached to Motion to Transfer as Exhibit D, ¶ 2).[2]

---

[2] To the extent Plaintiff's allegations are directed at Block or HRBFA, the alleged acts or omissions forming the basis of Plaintiff's claims would have occurred largely at their headquarters, which are located in Kansas City, Missouri and Detroit, Michigan, respectively.

Further, Plaintiff repeatedly refers to the knowledge of, or statements made by, Block's Chief Executive Officer, Mark Ernst, and the XIRA product manager (Complaint ¶¶ 12, 24, 33, 50, 53), neither of whom reside in the District of Columbia, and cites product management reports and studies that would have been conducted at the direction of individuals working and residing in Kansas City, Missouri.  (*Id.* at ¶ 26).    Plaintiff also challenges alleged executive decisions that would have been made in Kansas City, involving the amount of fees charged in connection with the XIRA product (*Id.* at ¶ 16), the content of national marketing campaigns and XIRA brochures (*Id.* at ¶¶ 17, 20, 46), and the types and timing of disclosures made in relation to the XIRA product.  (*Id.* at ¶¶ 36-39, 41, 45, 47).  While Plaintiff now tries to defeat removal and transfer by arguing that her claims arise from the acts of individual tax professionals in the District of Columbia, Plaintiff admitted in her Complaint that her claims are actually directed at executives working in Kansas City, Missouri, who allegedly failed to train or lend guidance to the individual tax professionals.  (*Id.* at ¶¶ 56-58).  Thus, Plaintiff's argument that her claims arose and the majority of discovery will be conducted in the District of Columbia is rebutted by her own allegations.

Further undermining Plaintiff's attempt to establish a connection between her individual claim and the District of Columbia is the fact that Plaintiff failed to allege in her Complaint, or in any other filing with this Court, that she even purchased the XIRA product or transacted any business of any sort with Defendants in the District of Columbia.  (Memorandum at 6).  While Plaintiff argues that her residency in the District of Columbia alone is enough to keep the case here (Opposition at 5), her failure to allege any purchase of an XIRA in the District of Columbia confirms that the transactions and claims at issue had only a peripheral connection to the District

of Columbia. Given the absence of any substantial showing on the other private factors, Plaintiff's argument against transfer lacks credibility.

Plaintiff admits that "convenience of witnesses is another primary factor in the determination of whether to transfer." However, she then fails to identify a single witness located in the District of Columbia and, given her apparent failure to purchase an XIRA, cannot even identify herself as a witness with knowledge. (Opposition at 8). Plaintiff suggests the need to depose local H&R Block employees, but that suggestion again flies in the face of the allegations of the Complaint, which focus on alleged corporate and managerial misdeeds, not on storefront activity. As discussed above, the allegations of Plaintiff's Complaint call into question the conduct of corporate representatives, the majority of whom are located in the Western District of Missouri. Defendants identified three specific witnesses located in Kansas City, Missouri, and noted their key involvement with the XIRA, and further stated that "the majority of the individuals employed by Block subsidiaries that Plaintiff may wish to depose reside in Kansas City, Missouri." (Christiansen Aff., ¶ 5). In the absence of any counter designations of relevant witnesses, and given the factual allegations as pled, there can be no serious dispute that the convenience of witnesses favors transfer to Kansas City. In this context, the fact that the potential witnesses are employees of Block or HRBFA does not minimize the inconvenience these witnesses would suffer if forced to travel to the District of Columbia. Courts are reluctant to require travel even by witnesses who are willing to voluntarily appear in court. *Reiffen v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52-53 (D.D.C. 2000); *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991); *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 26 (D.D.C. 2000).

Equally without merit, Plaintiff argues that Defendants' failure to describe in detail specific documents in the Western District of Missouri militates against transfer there. (Opposition at 9-10). Defendant is not required to identify all relevant documents at this stage of the proceeding. Moreover, the allegations of Plaintiff's Complaint make plain what types of documents Plaintiff will require in order to establish her claims: advertisement copy (Complaint ¶¶ 17, 20, 46), internal studies and reports (*Id.* at ¶ 26), management emails regarding the XIRA product (*Id.* at ¶¶ 12, 24, 33, 50, 53), documents regarding disclosure policies (*Id.* at ¶¶ 36-39, 41, 45, 47), and documents regarding the training of tax professionals. (*Id.* at ¶¶ 56-58). It is equally clear that such documents were produced and are maintained at the relevant Block subsidiary's office in Kansas City, Missouri. Plaintiff's suggestion that an issue exists as to the location of relevant documents is simply not credible.

Because private interest factors strongly favor that this case be heard in the Western District of Missouri, this Court should grant Defendants' Motion to Transfer.

## III.    PUBLIC INTERESTS OVERWHELMINGLY FAVOR THE WESTERN DISTRICT OF MISSOURI.

Plaintiff's attempt to rebut Defendants' strong showing that public interest factors support transfer to the Western District of Missouri is equally unavailing. (Memorandum at 8-12).

Plaintiff suggests that courts in the Western District of Missouri are not suited to hear claims brought pursuant to the District of Columbia Consumer Protection Procedures Act. (Opposition at 13). Plaintiff may be correct that district judges in the Western District of Missouri probably have not yet construed that statute, but the fact remains that in many of the related cases filed in or transferred to the Western District of Missouri[3] claims have been

---

[3] After Defendants' filed their Motion to Transfer, two additional, related cases were filed in the United States District Court for the Eastern District of Michigan: *Richmond v. H&R Block Financial Advisors, Inc.*, No. 06-12760, and *Zitur v. H&R Block Financial Advisors, Inc.*, No.

asserted under a number of different state consumer fraud statutes.  The courts in that district will

be required either to interpret and apply those laws to the facts or else to require the filing of a

single consolidated complaint.  (Memorandum at 11).  In either event, if the present case is

transferred to the Western District of Missouri, the court in that district would be well-positioned

to conduct the factual and legal analysis to resolve claims under all of the various consumer

fraud statutes at issue, all of which seek to protect consumers against the same types of allegedly

fraudulent conduct.  Allowing a single court to construe multiple consumer fraud claims, in light

of a single set of facts, undoubtedly would advance the interest of judicial economy.  Further,

Plaintiff's own cited case recognizes that federal courts often apply state laws, and therefore this

factor should be afforded little weight.  *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor

Resources, Inc.*, 196 F. Supp. 2d 21, 36-37 (D.D.C. 2002).  Invocation of the District of

Columbia Consumer Protection Procedures Act alone is not reason enough to deny transfer.

Similarly, Plaintiff's argument that this case should be heard in the District of Columbia

because "local citizens have been harmed by a foreign corporation" (Opposition at 12), is

unpersuasive.  The related actions pending in the Western District of Missouri, with only one

exception, are nationwide class actions, which necessarily would include XIRA customers

residing in the District of Columbia and would provide them with redress for any allegedly

fraudulent act that might underlie the present action.  Plaintiff's factual assertions, like the facts

asserted in the cases pending in the Western District of Missouri, are virtually identical to those

asserted by the Attorney General of New York in his Complaint filed on behalf of the People of

---

06-12761.  One additional related case was filed in the United States District Court for the
Southern District of Florida:  *Johnson v. H&R Block, Inc. and H&R Block Financial Advisors,
Inc.*, No. 06-21625.  *Richmond, Zitur* and *Johnson* allege facts and claims substantially similar to
the 15 XIRA class action lawsuits referenced in Defendants' Motion to Transfer.  HRBFA will
file motions to transfer these cases to the Western District of Missouri at the appropriate time.

the State of New York.  (Memorandum at 2).  The interests of XIRA customers in the District of Columbia are similar to the interests of XIRA customers nationwide, and the District of Columbia customers will not be hindered in pursuing claims in the Western District of Missouri.

Finally, Plaintiff argues against transfer on the grounds that *potential* procedural hurdles involved with the related class actions currently pending in the Western District of Missouri weigh in favor of hearing this case in the District of Columbia.  (Opposition at 13).  However, Plaintiff offers no authority to support the argument that issues of designation of lead counsel and lead plaintiff, class certification and court approval of a settlement, all of which promote judicial efficiency and the interests of justice, are in fact "procedural hurdles" that defeat a section 1404 transfer.  It remains unrebutted that the courts in the Western District of Missouri will be more familiar with the facts and legal issues associated with these nearly identical cases, and that the convenience of the parties, convenience of witnesses, and location where the claim arose, all require transfer.[4]

Therefore, because the public interest factors require that this case be heard in the Western District of Missouri, this Court should grant Defendants' Motion to Transfer.

---

[4] Interestingly, Plaintiff argues that because the currently pending, related cases are class actions, consolidation would be inappropriate and Plaintiff's claims are otherwise distinguishable from the pending matters.  (Opposition at 13).  However, in Plaintiff's Memorandum of Points and Authorities in support of Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction, at pages 4-8, Plaintiff characterizes her action as a class action for amount-in-controversy purposes. It is disingenuous for Plaintiff to now argue that transfer is not warranted because her action is not a class action.    Further, and contrary to Plaintiff's assertion, courts regularly consolidate individual claims with class action lawsuits.  *See Groseclose, et al. v. Dutton, et al.* 829 F.2d 581, 584 (6th Cir. 1987) (related class action lawsuits and individual complaints should be consolidated to avoid "inconsistency, confusion and unnecessary expense"); *In re Nat'l Student Mktg. Litig.*, 655 F. Supp. 659, 660 (D.D.C. 1987) (security fraud class actions lawsuits consolidated with individual complaints).

**IV.    DEFENDANTS' TIME TO ANSWER OR OTHERWISE PLEAD SHOULD BE ENLARGED.**

As discussed above, this case should be transferred to the Western District of Missouri. Accordingly, Defendants request that this Court grant their Motion to Transfer this case and postpone the time for Defendants to answer or otherwise plead until a date to be determined after this Court rules on Defendants' Motion to Transfer or, alternatively, until such time as the Court in the Western District of Missouri sets for the filing of responsive pleadings.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants respectfully request that this Court grant their Motion to Transfer Venue and Postpone Date to Answer or Otherwise Plead.

Dated:  July 12, 2006                    Respectfully submitted,

**H&R BLOCK, INC.**
**H&R BLOCK FINANCIAL ADVISORS, INC.**

By:      /s/   Michael B. DeSanctis
_____
One of Their Attorneys

Paul M. Smith (D.C. Bar No. 358870)
Michael B. DeSanctis (D.C. Bar No. 460961)
Ginger D. Anders (D.C. Bar No. 494471)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington DC 20005-3823
Telephone: 202-639-6000
Facsimile: 202-639-6066

Anton R. Valukas
Matthew M. Neumeier
Richard P. Steinken
Molly J. Moran
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484