## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN,  )<br>  )<br>           Plaintiff,  )<br>    v.  )<br>  )<br>H&R BLOCK, INC. and H&R BLOCK  )<br>FINANCIALADVISORS, INC.,  )<br>  )<br>         Defendants.  )<br>  ) | Civil Action No. 06-1066 (RCL) |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND
## FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants' Notice of Removal relied extensively on theories underlying class actions and alleged aggregation to meet the amount in controversy. Notice at ¶¶2, 6. However, once Plaintiff demonstrated how the body of law governing diversity in class actions actually supported remand, Defendants changed tactics and now argue that Plaintiff claims on behalf of the general public is simply an individual action and class action jurisprudence should not apply. Opp. at 10.

For example, in the Notice of Removal, defendants stated that "Plaintiff alleges that…she *and the general public of the District of Columbia* are entitled to [injunctive and monetary relief]." Notice at ¶2 (emphasis added); *see also id.* at ¶6. In fact, in their Notice of Removal, defendants even attempt to calculate the number of residents it would take to meet the amount in controversy. *Id.* at ¶6. Thus, it is clear that the Notice of Removal is predicated on aggregation principles governed by rules analyzing class actions generally, and the private attorney general actions that have followed that jurisprudence. *See* Motion for Remand at 3 n.2. Given that jurisdiction must be

established in the notice of removal, not some later pleading or filing, Defendants should

not now be allowed to substantive modify their Notice of Removal. *See Laughlin v. K-*

*Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Coca-Cola Bottling of Emporia, Inc. v.*

*South Beach Beverage Co., Inc.,* 198 F. Supp.2d 1280, 1283 (D. Kan. 2002).

Yet their tortured analysis in the opposition brief seeks to re-cast the instant action

in an effort to walk away from the Notice. For example, Defendants now argue that the

rule of aggregation does not apply because that prohibition applies to cases involving

more than one plaintiff. Opp. at 10.[1] Thus, Defendants have completely ignored, for

self-serving purposes, the fact that their Notice of Removal explicitly recognized the

representative capacity in which this action was brought. It also ignores their efforts at

speculating the aggregated damages of the general public in the Notice of Removal (and

oddly enough again in their Opposition). This gamesmanship should be seen for what it

is: a painful contortion of the posture of this action to wrongly confer jurisdiction on this

court. An action on behalf of the general public should not be treated as a mere

"individual" private party action but analyzed as (analogously) to an uncertified putative

class action. To do otherwise would essentially convert all CPPA private attorney

general actions brought under state statute into federal causes of action. Such a result is

untenable as the CPPA is not a federal statute and this Court is a court of limited

jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

---

[1] In support of the notion that a representative plaintiff is the head of an individual action, defendants cite *Troy Bank of Troy, Indiana v. G.A. Whitehead & Co.*, 222 U.S. 39 (1911) and *Snyder v. Harris*, 394 U.S. 332 (1969). These decisions are unhelpful to defendants for two reasons. *Troy* was decided long before the enactment of even the earliest version of 28 USC §1332. Moreover, *Troy* and *Snyder* both hold that aggregation is only appropriate if the claim at issue was to enforce a single title or right. *Troy*, 222 U.S. at 40-41; *Snyder*, 394 U.S. 338-39. Finally, *Troy* has specifically been limited by courts to an opinion recognizing that lone exception. *See, e.g., Pariente v. Scott Meredith Literary Agency, Inc.*, 771 F. Supp. 609, 613-14 (S.D.N.Y. 1991); *Wales v. Jacobs*, 104 F.2d 264, 267-68 (6th Cir. 1939). Plaintiff and the general public do not have a single title or right but separate claims which cannot meet the amount in controversy. *See Reigner, infra.*

**LEGAL ARGUMENT**

## I.   DEFENDANTS, AS THE REMOVING PARTIES, HAVE THE BURDEN OF PROVING JURISDICTION

When a plaintiff moves for remand, the defendant bears the burden of proving

federal jurisdiction. *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257

U.S. 92, 97 (1921); *King v. Morton*, 520 F.2d 1140, 1145 (D.C. Cir. 1975); *National Org.*

*for Women v. Mutual of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985) ("*NOW*").

The Supreme Court in *Wilson* explained the rule in removal actions:

> If a removal is effected, the plaintiff may, by a motion to
> remand …. take issue with the statements in the petition. If
> he does, the issues so arising must be heard and determined
> by the District Court … and at the hearing the petitioning
> defendant must take and carry the burden of proof, he being
> the actor in the removal proceeding.

257 U.S. at 97. The removal statute must be narrowly and strictly construed, *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *Williams v. Howard Univ.*, 984

F. Supp. 27, 29 (D.D.C. 1997), "so as not to frustrate the congressional purpose behind it:

to keep the diversity caseload of the federal courts under some modicum of control."

*Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993). Thus, courts

must resolve any doubt concerning the propriety of removal in favor of remand. *Walker*

*v. Waller*, 267 F. Supp.2d 31, 32 (D.D.C. 2003); *University of S. Alabama v. American*

*Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *Nwachukwu v. Karl*, 223 F. Supp. 2d

60, 66 (D.D.C. 2002).

Ignoring this Supreme Court precedent, Defendants erroneously attempt to shift

the burden of proving jurisdiction to Plaintiff. Citing *Saint Paul Mercury Indemnity Co.*

*v. Red Cab Co.*, 303 U.S. 283, 289 (1938) and its progeny, Defendants repeatedly assert

that "the court should uphold jurisdiction unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Opp. at 4; *see also* Opp. at 12, 13, 18. The cases cited by Defendants, however, are inapposite. They stand for the proposition that when the plaintiff files suit in federal court and the defendant moves to dismiss for lack of jurisdiction under FRCP 12(b)(1), dismissal is appropriate only if the court finds to a legal certainty that the plaintiff could not recover in excess of the jurisdictional amount. *St. Paul*, 303 U.S. at 288; *Naegele v. Albers*, 355 F. Supp. 2d 129, 133 (D.D.C. 2005); *General Elec. Capitol Corp. v. Limousines Unlimited LLC,* No. CV-04-976 (RCL)*, 2005 U.S. Dist. LEXIS 35708 at *2 (D.D.C. Aug. 2, 2005). These cases in no way alter the burden when a defendant moves for remand from that set forth in *Kokkonen* and *Wilson. Accord Martin v. Gibson*, 723 F.2d 989, 991 (D.C. Cir. 1983)("While the 'legal certainty' test is an exacting one, the burden of establishing the amount in controversy, to be sure, rests squarely with the litigant asserting jurisdiction.")(FRCP 12(b)(1) decision cited by Defendants).

As the court in *Gaus v. Miles, Inc.*, explained:

> In cases brought in the federal court ... it must appear to a
> legal certainty that the [plaintiff's] claim is really for less
> than the jurisdictional amount to justify dismissal ... A
> different situation is presented in the case of a suit
> instituted in a state court and then removed. There is a
> strong presumption that the plaintiff has not claimed a large
> amount in order to confer jurisdiction on a federal court or
> that the parties have colluded to that end ... The "strong
> presumption" against removal jurisdiction means that the
> defendant always has the burden of establishing that
> removal is proper.

980 F.2d 564, 566 (9th Cir. 1992).

More importantly, Defendants' attempt to shift the burden of proving jurisdiction

based upon the legal certainty language in *St. Paul* was rejected by the court in *NOW*.

612 F. Supp. at 102-3. As the Defendants do here, the defendants in *NOW* argued that

"jurisdiction will be found to exist unless the Court finds 'to a legal certainty' that the

matter in controversy cannot exceed the sum or value of [the jurisdictional amount.]" *Id.*

at 102. In *NOW*, the court concluded, "defendant's attempt to vest the 'legal certainty'

phrase of the *Saint Paul* case with a talismanic quality that prevents remand of cases

where there is some doubt as to the amount to be recovered must be rejected." *Id.* The

court reiterated that in removal actions, the burden of proof is on the defendant to

establish jurisdiction.[2] *Id.* at 102.

## II.    BECAUSE THIS IS A REPRESENTATIVE ACTION RATHER THAN AN INDIVIDUAL ACTION, DEFENDANTS MAY NOT AGGREGATE TO SATISFY THE AMOUNT IN CONTROVERY

Defendants argue throughout their Opposition that the amount in controversy is

satisfied because this is an individual action and the value of the claims are, therefore,

attributable solely to the Plaintiff. Plaintiff's case, however, is a representative action,

and as explained in Plaintiff's Motion to Remand, recent case law unequivocally holds

that representative actions are to be treated akin to class actions for determining the

amount in controversy. *See, e.g., Ecker v. Ford Motor Co.,* No. 02-6833, 2002 U.S. Dist.

LEXIS 26229, *8-11 (C.D. Cal. Nov. 12, 2002); *Boston Reed Co. v. Pitney Bowes, Inc.*,

No. 02-1106, 2002 U.S. Dist. LEXIS 11683, *12-13 (N.D. Cal. June 20, 2002); *Surber v.*

---

[2]    Although the D.C. Circuit has yet to define the proper evidentiary standard of proof, the majority of circuits that have looked at this issue have concluded that when a defendant removes a case to federal court, the defendant bears the burden of proving jurisdiction by a preponderance of the evidence. *See, e.g.,Friedman v. N.Y. Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005); *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993)*; see also* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3725. In other words, "legal certainty" which is an "exacting standard" has not been adopted by this or a majority of circuits. *See Martin, supra.* In any case, Defendants have failed to meet either test for the burden of proof.

*Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232-33 (N.D. Cal. 2000); *Phipps v. Praxair, Inc.*, No. 99-1848, 1999 U.S. Dist. LEXIS 18745, *14-15 (S.D. Cal. Nov. 12, 1999).[3]

Although they acknowledge these cases holding that representative actions must be treated as class actions for purposes of determining the amount in controversy, Defendants argue that "a split of authority on that issue exists in district courts in California." Opp. at 11 (citing *Myers v. Merrill Lynch & Co., Inc.*, No. C-98-3532, 1999 WL 696082, *2-5 (N.D. Cal. Aug. 23, 1999); *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 928 (N.D. Cal. 1992); *Shearson Lehman Cross, Inc. v. Greenberg*, No. 93-55535, 1995 WL 392028 (9th Cir. July 3, 1995); *City and County of San Francisco v. Hartford Life Ins. Co.*, No. C-99-0225, 1999 WL 354522, *3 (N.D. Cal. May 17, 1999)).

Defendants' argument is disingenuous. As explained in Plaintiffs' Motion for Remand, while earlier cases, such as those cited by Defendants, held that there was a distinction between private attorney general actions and class actions, their reasoning has been expressly rejected by *subsequent* cases. In *Boston Reed*, the Northern District of California expressly acknowledged its change in reasoning, explaining:

> The Court finds the reasoning in Phipps and Surber to be persuasive, especially since the California courts themselves have recently recognized the representative nature of a § 17204 claim. [footnote omitted] Therefore, because the Court finds that a UCL private attorney general action is a collection of "separate and distinct" claims, the claims may not be aggregated to reach the amount in controversy and each plaintiff's claim must exceed the jurisdictional amount for this court's subject matter jurisdiction to be invoked.

---

[3]     Defendants cite *Troy Bank* and *Snyder* for the proposition that the anti-aggregation rule is limited to cases in which there are two or more plaintiffs. Opp at 10. Yet in *Boston Reed*, *Surber*, and *Ecker*, the courts applied the anti-aggregation rule to representative actions brought by only a single plaintiff, as in the present case.

2002 U.S. Dist. LEXIS 11683 at *15.  Thus, contrary to Defendants' assertion, all of the

district courts in California that have addressed the issue are in agreement:  representative

actions are to be treated as class actions for purposes of determining the amount in

controversy and aggregation is therefore impermissible.[4]

Defendants also seek to distinguish *Reigner v. Ingersoll-Rand Co.*, No. 04-1769

(D.D.C. Nov. 23, 2004), the sole decision analyzing the CPPA private attorney general

action on a motion for remand, by arguing that the facts of the complaint were different

than those found here.  Opp. at 11.  Of course, differences in factual allegations will

always be found between different complaints, filed by different parties, against different

defendants for different conduct.  What is most telling is that while Defendants attempt to

mire the Court in the factual, they completely ignore the *Reigner* court's analysis

regarding the prohibition against aggregation.  Specifically, the *Reigner* court ruled that

since it was not dealing with a common or undivided claim, then remand was appropriate.

*Reigner*, slip op at 4 (Ex. 1 to Declaration of Hilary K. Ratway in Support of Plaintiff's

Motion to Remand for Lack of Subject Matter Jurisdiction).  In doing so, the *Reigner*

court did not, as defendants here propose, treat the action as an individual action.

Instead, the court analyzed the action much like a class action and determined the value

of the remedies as to *each consumer* sought to be represented.  *Id.*  Similarly, since the

---

[4]      Defendants cite to the legislative history of the Class Action Fairness Act ("CAFA") in support of
their argument that representative actions are fundamentally different from class actions.  Ironically though,
CAFA and its legislative history support Plaintiffs' argument that this court lacks jurisdiction over the
present case.  CAFA amended 28 U.S.C. § 1332 to provide federal court jurisdiction over class actions and
"mass actions" when the aggregate amount in controversy exceeds $5 million and one of the diversity
requirements of 28 U.S.C. § 1332(d)(2)(A)-(C) is satisfied.  By expressly exempting private attorney
general actions from the definition of "mass action" under CAFA, Congress clearly expressed an intent that
such actions remain in state court.  It would defy logic to permit federal court jurisdiction where the
aggregate damages satisfy the $75,000 amount in controversy requirement yet prohibit federal court
jurisdiction where the aggregate damages exceed $5 million.

instant action does not seek a common and undivided interest, and since, under *Reigner*, this Court should apply class principles to the aggregation issue, remand is appropriate.

**III.    DEFENDANTS HAVE NOT PROVEN THAT PLAINTIFF SATISFIES THE AMOUNT IN CONTROVERSY**

>   **A.    The Value Of Injunctive Relief May Not Be Measured From The Defendants' Perspective To Satisfy The Amount In Controversy**

It is well-settled that in class actions, courts should not consider the cost to the defendant in complying with an injunction for purposes of determining the amount in controversy. *NOW*, 612 F. Supp. at 108 (citing *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977); *Lonquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970)). Because, as discussed above, this case should be analyzed under the rubric of a class action, the rule against aggregating damages applies equally to private attorney general actions. This is in line with other private attorney general actions facing remand wherein the cost of injunctive relief is measured from plaintiff's viewpoint. *See, e.g., Boston Reed*, 2002 U.S. Dist. LEXIS 11683 at *17; *Surber*, 110 F. Supp.2d at 1233-34.

Even if the Court were to ignore the basic foundation of Plaintiff's cause of action, and the sole CPPA private attorney general decision (*Reigner*), Defendants' arguments and precedents used in valuing the injunctive relief to meet the amount in controversy is misplaced. The foundation of their argument in favor of measuring that relief from the defendant's viewpoint is based on *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978). However, *Smith* does not support Defendants' argument that injunctive relief can be measured from their perspective in this case because it is: (1) limited to cases *solely* seeking declaratory or injunctive relief; (2) looked to the plaintiff's viewpoint in determining the amount in controversy; (3) limited to claims not capable of

objective valuation; and (4) limited to causes of action raising federal questions.

In *Smith*, several inmates filed an action solely seeking declaratory and injunctive relief for administrative segregation without a hearing. Referring to *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), the *Smith* court framed the issue as such:

> [T]he Supreme Court set forth the standard for determining whether a complaint for declaratory or injunctive relief satisfies the requisite amount in controversy under 28 U.S.C. § 1331(a) (1976). … In assessing whether a complaint satisfies that standard, a court may look either to "the value of the right that plaintiff seeks to enforce or to protect" or to the cost to the defendants to remedy the alleged denial. Plaintiffs' allegations, that the complained-of practices result in a substantial deprivation of their liberty without adequate procedural safeguards, are clearly sufficient to meet their burden of establishing the requisite amount under the standard enunciated in *Hunt*. In *Sullivan v. Murphy*, 156 U.S.App.D.C. 28, 50-1 [], we found that the requisite $ 10,000 was satisfied by plaintiffs' allegations of even a short period of unlawful confinement. The view that alleged deprivations of liberty may be sufficient to establish the requisite amount in controversy has been echoed in subsequent decisions of this court….

*Smith*, 593 at 1100. Thus, what should be clear from a full reading of *Smith* is that the point of view measured was the *plaintiffs'* viewpoint (and not defendants'), namely the worth of a person's liberty. In *Smith*, as well as the cases upon which it relied, it was ruled that liberty without process was worth at least $10,000 to a plaintiff.

The *Hunt* decision is instructive and also negates Defendants' arguments on this point. There, the Supreme Court held: "In *actions seeking declaratory or injunctive relief*, it is well established that the amount in controversy is measured by the value of the object of the litigation." 432 U.S. at 347 (emphasis added). The Supreme Court then looked to the valuation to the growers (which the organization represented) in valuing the

loss of right imposed by the statute and not to the valuation to the state defending the statute. *Id.* at 347-48. Thus, as commentators have noted, the "either viewpoint" rule announced in *Smith* is only useful when dealing with amorphous federal questions involving rights which have no obvious cash value. *NOW*, 612 F. Supp. at 108; Jaren Casazza, *Valuation Of Diversity Jurisdiction Claims In The Federal Courts*, 104 Colum. L. Rev. 1280, 1281 n.4 (2004); Brittain Shaw McInnis, *The $ 75,000.01 Question: What Is The Value Of Injunctive Relief?*, 6 Geo. Mason L. Rev. 1013, 1015 n.10 (1998).

Defendants' reliance on the *Smith* decision is further undermined by the more recent opinion in *NOW*. There, like here, the defendant argued that since a component of the relief sought was injunctive relief, the court could look to "either viewpoint". Like here, the defendant relied on *Smith*. However, in specifically *rejecting* the application of the "either viewpoint" rule to mix-remedy cases, the court limited *Smith* to cases in which the plaintiff was *not* "seeking both equitable and money damages." *NOW*, 612 F. Supp. at 107-08. Under *NOW* reliance and application of opinions for cases seeking only declaratory and injunctive is incorrect.

Here, Plaintiff is not seeking solely declaratory or injunctive relief, is not basing the claim on a federal question, and is not solely raising claims incapable of objective cash valuation. As such, *Smith* is inapplicable and Defendants' reliance thereon is misplaced.[5]

---

[5] Defendants also rely on *Natural Resources Defense Counsel v. Berklund*, 458 F. Supp. 925, 933 (D.D.C. 1978)("*NRDC*") which, like *Smith*, is a case only seeking declaratory and injunctive relief. Opp. at 10. There are, however, additional problems with defendants' reliance on *NRDC*. First, although brought by two organizations as representatives of its members, it was brought under federal statutes. 458 F. Supp. at 928. Second, given the nature of the suit, jurisdiction was accordingly sought under 28 U.S.C. §1331 (*id.* at n.16) which is not, and cannot be, invoked here.

### B.    Defendants Have Not Proven That Plaintiff's Individual or Statutory Damages Exceed $75,000

Defendants continue to argue that "because this is an individual action, the total amount of damages requested is the relevant inquiry for purposes of the amount in controversy." Opp. at 14. Thus, in the same sentence, Defendants liken the action to an individual *and* group action in order to bootstrap themselves into this Court. Defendants further argue that the amount in controversy is satisfied *if Plaintiff ultimately proves* that they sold 50 Express IRAs in the District of Columbia. *Cf.* Opp. at 12 *with* §I, *supra.* In other words, Defendants seek to satisfy the amount in controversy by (a) arguing that it is an individual action and (b) nevertheless asking the Court to aggregate the statutory (not actual) damages attributable to each purchaser of an Express IRA. This does not suffice to satisfy the amount in controversy in a representative action such as this one.

As discussed above, Plaintiff's representative action must be treated akin to a class action for purposes of satisfying the amount in controversy, and therefore damages attributable to the general pubic cannot be aggregated and attributed to the named Plaintiff.[6] *See, e.g., Ecker,* 2002 U.S. Dist. LEXIS 26229 at *8-11; *Boston Reed*, 2002 U.S. Dist. LEXIS 11683, at *12-13; *Surber*, 110 F. Supp.2d at 1232-33; *Phipps*, 1999 U.S. Dist. LEXIS 18745, at *14-15. Thus, Defendants must demonstrate that Plaintiff's *pro rata* share of the damages exceeds $75,000. *Id.* Defendants have not even attempted to do so and they have therefore failed in their burden of proving jurisdiction.

Even assuming, *arguendo*, that damages could be aggregated, Defendants have still failed in their burden of proving jurisdiction. Defendants have not placed any

---

[6]    Since the compensatory and statutory damages are linked to individual consumers, D.C. Code § 28-3905(k)(1)(A), the statute does not confer a right to a common or united interest which could properly be aggregated under *Zahn* and *Snyder*. *See Reigner*, slip op. at 4.

evidence into the record regarding the actual damages suffered by each individual

consumer in the District of Columbia. Defendants' argument is premised on the fatal

flaw that Plaintiff is eligible to receive the total amount of damages to which the general

public might be eligible and that amount of damages should be assigned to Plaintiff

alone. Opp. at 14.[7] There is no logic to this argument. In other words, someone with

transaction nexus could file an action in Superior Court alleging damages by the general

public and recoup all the damages for himself.[8] The CPPA was not meant to become a

new lottery but a means by which to aid the beleaguered and unfunded consumer

protection branch of the Attorney General's office. DC Bar Report at 10-11; *see also*

Verheyden-Hilliard, at 3.

---

[7]        For support, Defendants cite the dissenting opinion in *Exxon Mobil Corp v. Allapattah Servs., Inc.*,
125 S. Ct. 2611, 2635-36 (2005) which clearly does not so state. To the extent the mere citation to
*Allapattah* generally implies an argument that Kohan herself has $75,000 in damages and this Court has
jurisdiction over the general public under 28 U.S.C. §1367, that argument equally fails. If Defendants are
correct and Kohan's is only an individual action, then she has brought only a one-count complaint under
the CPPA which will entitle her to (at the very most), the statutory damages of $1500—not $75,000. If
Defendants are incorrect and this is not an individual action, *Allapattah* specifically held that "§1367
confers supplemental jurisdiction over claims by Rule 20 and Rule 23 plaintiffs." *Id.* at 2621. This action
is not brought under either rule. For this case to satisfy *Allapattah*, the Court would have to view this
action as a Rule 20 or Rule 23 action, Kohan alone would have to satisfy the amount in controversy, and
the Court would then take supplemental jurisdiction over members of the general public. Since neither
predicate is satisfied here, and since Defendants concede the members of the general public are not
plaintiffs to this suit (Opp. at 14), *Allapattah* does not confer jurisdiction on this Court.

[8]        A representative of the general public need not be injured by the conduct in order to have a viable
cause of action under the CPPA on behalf of the general public. *Wells v. Allstate Ins. Co.*, 210 F.R.D. 1, 8-
9 (D.D.C. 2002); District of Columbia Bar, *Consumer Protection in the District of Columbia Following
Suspension of DCRA Enforcement of the Consumer Protection Procedures Act: Report with
Recommendations*, at 10-11 (April 1999)(Ex. A to Declaration of Tracy D. Rezvani in Support of
Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction ("Rezvani Dec."))("DC Report");
Mara Verheyden-Hilliard, *Proposed Legislation*, Partnership for Civil Justice, Inc. at 3 (April 30,
1999)(Ex.B to Rezvani Dec.). Thus, Plaintiff could have no actual damages, since she was never a
customer of H&R Block, yet have standing to bring this suit in Superior Court. This does of course raise
the question as to whether this Article III court, instead of an Article I court in which this case was filed,
could ever take jurisdiction over such a cause of action. *See, e.g.*, *Mangini*, 793 F. Supp. 929-30; *Levy v.
Dial Corp.*, No., C-97-0537, 1997 U.S. Dist. LEXIS 21398, *11-12 (N.D. Cal. Sept. 10, 1997) (remanding
a private attorney general action because the representative plaintiff had not herself been injured); *As You
Sow v. Sherwin-Williams Co.*, No. C-93-3577, 1993 U.S. Dist LEXIS 18310, *7-8 (N.D. Cal. Dec. 27,
1993); *see also Allapattah*, 125 S. Ct. at 2624-25 (noting that original jurisdiction is divested in the
presence of other relevant jurisdictional defects).

Moreover, Defendants' conclusory allegations in their Notice of Removal are insufficient to prove that over 50 Express IRAs were sold in the District of Columbia and damages will therefore exceed $75,000 since the speculative allegations are premised on a shifting of the burden to *Plaintiff* to so prove. If it is unclear what amount of damages the plaintiff has sought, as is true here, the defendant bears the burden of actually *proving* the facts to support jurisdiction. *Gaus*, 980 F.2d at 566-67. As the court explained in *Gaus*,

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction preclude the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdiction facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

*Id.* at 567. Defendants' assertion of federal jurisdiction is premised solely on conclusory allegations and "good faith" beliefs that the amount in controversy exceeds $75,000. Such allegations and beliefs are not sufficient to confer jurisdiction upon this Court. As the Supreme Court explained in *McNutt v. General Motors Acceptance Corp,*

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction maybe maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.

298 U.S. 178, 189 (1936); *see also Valdez v. Allstate Ins. Co.*, 372 F.2d 1115, 1117 (9th Cir. 2004) (removal petition that averred "upon information and belief" that the amount in controversy exceeded $75,000 was insufficient); *Gaus*, 980 F.2d at 567 (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal

jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the requirement).[9]

**C.     Attorneys' Fees Cannot be Aggregated and Defendants Have Nevertheless Failed to Prove That They Exceed $75,000**

The general rule is that attorneys' fees may be considered part of the amount in controversy if they are allowed for by statute or contract. *See, e.g., Brand v. Gov. Employees Ins. Co.*, No. 04-1133, 2005 WL 3201322, *6 (D.D.C. Nov. 29, 2005); *Walker v. Waller*, 267 F. Supp.2d 31, 33 (D.D.C. 2003); *NOW*, 612 F. Supp. at 108.  While the CPPA allows for the recovery of reasonable attorneys' fees, it does not mandate their recovery.  Therefore, recovery of attorneys' fees in this case is speculative and should not serve as the sole basis for federal jurisdiction.

Moreover, even when attorneys' fees are recoverable by statute or contract, they cannot be aggregated to satisfy the amount in controversy and must instead be allocated on a *pro rata* basis. *NOW*, 612 F. Supp. at 108; *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1293 (10th Cir. 2001); *H & D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330-31 (5th Cir. 2000); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *Darden v. Ford Consumer Fin Co.*, 200 F.3d 753, 758 (11th Cir. 2000); *Goldberg v. PCP Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982); *Boston Reed*, 2002 U.S. Dist. LEXIS 11683 at *20; *Phipps*, 1999 U.S. Dist. LEXIS 18745 at *11.

---

[9]     Defendants attempt to distinguish these cases on the ground that the D.C. Circuit has never adopted such an evidentiary standard and instead "looks to the allegations in the complaint and other filings." Opp. at 13 n.4. Defendants rely on *Smith* and *Martin*.  Putting aside that these were FRCP 12(b0(1) decisions and not remand decisions, in each of these cases, the court noted the existence of, considered, and relied on such additional proof to determine that the amount in controversy was satisfied. *See Martin*, 723 F.2d at 991-92; *Smith*, 593 F.2d at 1099.

Even if Defendants are correct in their assertion that this case is analogous to an individual action and that the rule against aggregation of attorney's fees does not apply -- which Plaintiff maintains *supra* that they are not -- Defendants have not met their burden in this case. As argued *supra*, §1, Defendants effectively try to shift the burden to Plaintiffs to prove "to a legal certainty" that damages will not exceed the jurisdictional minimum. *See* Def Opp. at 4-5. This is not true as, given that they are seeking the jurisdiction of this court, Defendants must supply "competent proof and justify its allegations by a preponderance of the evidence." *Fallstrom v. Comstock*, No. 3:99cv952, 1999 U.S. Dist. LEXIS 12339 *3-4 (D. Conn. July 13, 1999); *see also Your Girl Friday*, 2006 WL 1028959 at *2 (amount in controversy not met even where defendants alleged that the full amount could be met in a mere seventy-five hours worth of attorneys' fees); *Julien v. CCA of Tennessee*, 268 F. Supp.2d 19, 22 (D.D.C. 2003)(remanding case even though court acknowledges that amount requested "*might* satisfy" the jurisdictional requirement. (emphasis in original)); *Walker*, 267 F. Supp.2d at 33 (remanding when the court finds that "[d]efendants have failed to show any evidence that the amount in . . . controversy exceeds the jurisdictional requirement . . . ").

Here, Defendants have produced *no evidence*[10] regarding the fees generated up to the time of removal or what fees will be generated through the conclusion of the case. Instead they derive what they deem to be a "conservative" bill rate of $300 and calculate that it would only take 250 billable hours to exceed the jurisdictional limit. *See* Opp. at 15. With zero analysis, Defendants thus summarily conclude that "any award of attorney's fees . . . . in this case would *likely* exceed $75,000." *See* Opp. at 14-15 (emphasis added). This is exactly the type of speculative and unquantifiable analysis that

---

[10] *See* n.2, *supra*.

was so clearly discouraged by this Court in *Your Girl Friday*, 2006 WL 1028959 at *2.[11]

Although Defendants list some of the tasks that will need to be performed, they provide

no expert affidavits regarding the time such actions would take. *See Burke v. Medical*

*Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004). They provide no competent

evidence regarding the time that would be required to prosecute this case. *See Surber*,

110 F. Supp. 2d at 1232. They provide no representative awards from similar actions.

*See Patton v. Fifth Third Bank*, No. 2:05-0790, 2006 U.S. Dist. LEXIS 23138 *9 (S.D.

W. Va. March 24, 2006); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-

32HTS, 2005 U.S. Dist. LEXIS 38862 *13-14 (M.D. Fl. May 11, 2005). Unquantifiable

and speculative allegations regarding attorney's fees are not sufficient to establish

jurisdiction, as "[j]urisdiction cannot be based upon probability, surmise or guesswork."

*Hohn*, 837 F. Supp. at 945.

Federal courts are courts of limited jurisdiction and there is a strong public policy

rationale for narrowly interpreting a federal court's diversity jurisdiction. *See St. Paul*,

303 U.S. at 288. Given such considerations, courts have expressed concern generally for

invoking subject matter jurisdiction based primarily upon non-compensatory damage

numbers. *See Srour v. Barnes*, 670 F. Supp. 18, 22 (D.D.C. 1987); *Packard*, 994 F.2d at

1046; *Neff v. General Motors Corp.*, 163 F.R.D. 478, 483 (E.D. Pa. 1995).

*Neff* is particularly instructive here. In *Neff*, plaintiffs filed a number of putative

class actions[12] in state court against General Motors alleging violation of the

---

[11]     Defendants' efforts to paint *Your Girl Friday* as a decision based on the "reasonableness" of the
fee alone are unpersuasive given the court's substantial focus on the "federalism concerns" inherent in
questions involving removal jurisdiction as well as its citations to multiple cases involving "conjecture"
and "unquantified and ambiguous" claims for extra-compensatory damages. *Cf.* Opp. at 16-17 with *Your
Girl Friday*, 2006 WL 1028959 at *2.

[12]     Because *Neff* had not been certified at the time of this decision, it is treated essentially as an

Pennsylvania Unfair Trade Practices and Consumer Protection law based on defendants'

sale of vehicles with defective rear disc brakes. *See Neff*, 163 F.R.D. at 479. Defendants

removed the case alleging diversity jurisdiction, and plaintiffs filed a motion to remand.

*See id.* at 480. The plaintiffs' complaint did not specify a specific amount of damages,

but specifically requested attorney's fees. *See id.* In evaluating whether the amount in

controversy requirement was met, the court first determined that attorney's fees would be

considered in computing the applicable amount in controversy. *See id.* at 483. The court

found that statutory damages equaled at most $3,703.69 for one plaintiff and $3,352.04

for the other. *See id.* The court ultimately held that, even with discretionary trebling and

reasonable attorney's fees, the then-existing jurisdictional amount of $50,000 could not

be reached. *See id.* at 484. In reaching this decision, the court noted that:

> As our Court of Appeals has cautioned, **"when it appears that
> such a claim [for punitive damages] comprises the bulk of the
> amount in controversy and may have been colorably asserted
> solely or primarily for the purpose of conferring jurisdiction,
> that claim should be given particularly close scrutiny."**
> *Packard*, 994 F.2d at 1046. The reasoning underlying this rule is
> that a party should not be permitted to shoehorn what is in truth a
> local action into federal court through extravagant punitive
> damages claims that are permitted only by virtue of the federal
> system's liberal pleading rules. *Kahal*, 673 F.2d at 549. **We think
> this logic applies with equal force to a claim for attorney's fees.**

*Neff*, 163 F.R.D. at 483 (emphasis added).

In reaching its decision that claims for attorney's fees should be given

"heightened scrutiny" when asserted by a defendant in the context of a notice of removal,

the *Neff* court brushed aside defendants' unsupported contentions (like those found here)

that the nature of plaintiff's claims meant that "substantial discovery, motion practice and

trial preparation will be needed," and that "[t]he fees of plaintiff's numerous counsel will

---

individual action. See *Neff*, 163 F.R.D. at 480 n.1.

substantially exceed the jurisdictional amount, assuming they haven't already, even without considering the compensatory and treble damages prayed for." *Id.* at 15. [13] Otherwise, as this court has previously cautioned against, attorneys fees could be used confer jurisdiction on purely state law claims. *Srour*, 670 F. Supp. at 22.

*Neff* is significantly apt to the analysis here, and its holding should be followed. Plaintiff in the present case has asserted a consumer protection act claim against Defendants requesting statutory damages and attorney's fees. As in *Neff*, Plaintiff here filed in state court and Defendants removed. As in *Neff*, due to the relatively low statutory and trebled damage amount, the present Defendants need to rely almost exclusively on attorney's fees to reach the amount in controversy.

*Neff* is also completely in line with *Srour*. [14] In *Srour*, this court made a clear statement of policy, in line with the settled principle that federal courts are courts of limited jurisdiction, stating that jurisdictional "principles mitigate against allowing attorney fees to satisfy section 1332's amount in controversy" since such a practice would "hinge federal jurisdiction on the fee schedules of lawyers instead of the weight of the substantive issues before the court." *Srour*, 670 F. Supp. at 22.

---

[13]    The court stated that "[i]t is hard to conceive how a $10,000 claim, already statutorily trebled, could support a reasonable attorneys' fee of $40,000." *Id.* at 16. In reaching this particular conclusion, the court notably stressed that, at that time, the case was an individual action and that only the named plaintiffs are before the court: "As [Defendant] has reminded us at several junctures, only the named plaintiffs are now before the Court and this is not a class action, but only a putative one." *See id.* at **16. Apparently, as in this case, the defendants in *Neff* attempted to "have it both ways"; on one hand stressing the individual nature of the case in order to avoid the rule against aggregation of damages, while, on the other hand, taking great pains to stress the procedural complexity of the case in an effort to increase the attorneys' fees. The *Neff* court did not permit that defendant to play both sides against the middle and neither should this Court.

[14]    Defendants' attempt to distinguish *Srour* based on its statement that attorney's fees are usually collateral does nothing to negate that case's clear statement of policy. *Cf.* Def. Opp. at 17-18 *with* 670 F. Supp. at 22. Here, given that there is no evidence of the value of the injunctive remedy from Plaintiff's perspective, and given that damages, at most, would be $1500, Defendants ask this Court to take jurisdiction by accepting 98% of the amount in controversy ($73,500 of $75,000) from attorneys' fees.

Accordingly, the Court here should follow *Neff* and *Srour* in giving "particularly close scrutiny" to Defendants' characterization of the likely attorney's fees.  Given that Defendant here backs its summary analysis with no evidence to back up its claims regarding the attorney's fees that accrued by the time of removal[15] and are likely to accrue in the future, their contentions should be discounted and this case should be remanded to state court.

### D.    Defendants Have Not Met Their Burden Of Proving The Aggregate Value Of Damages Exceeds $75,000

Defendants then sum up their arguments by claiming that if one component of relief alone cannot satisfy the amount in controversy, then all three components, taken together and aggregated, can confer jurisdiction.  Opp. at 18.  As explained fully above, Defendants have failed to meet their burden in proving jurisdiction as they vacillate between arguing for an analysis under individual or group action theories.  One, damages, if measured individually, can be anywhere from zero to $1500 and cannot otherwise be aggregated under class action principles.  *See* § 3B, *supra.*  Two, injunctive relief must be measured by the plaintiff's perspective and there is no evidence in the record of any valuation for that remedy.  *See* § 3A, *supra.*  Finally, speculative assertions of attorneys' fees, whether measured at the time of removal or prognosticated to the end of the case,

---

[15] Subject matter jurisdiction must exist at all phases of the litigation, and must be established in the notice of removal.  *Coca-Cola Bottling*, 198 F. Supp.2d at 1283.  Although the D.C. Circuit has not evaluated this issue, and although there is opposing authority on it as well, some courts have held that this means that only those attorney's fees that have accrued at the time of removal should be considered, as any possible additional fees are too speculative. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-9 (7th Cir. 1998); *Faulkner v. Astro Med., Inc.*, No. 99-2562, 1999 U.S. Dist. LEXIS 15801 *9 (N.D. Cal. 1999).  Intuitively, such an argument makes sense since the claim, as it existed at removal, would not include speculative future attorneys' fees that had not (and may not) accrue in the future since "[j]urisdiction cannot be based upon probability, surmise or guesswork." Hohn v. Volkswagen of Am., 837 F. Supp. 943, 945 (C.D. Ill. 1993).  If the case were settled at removal, only the attorneys' fees that have accrued up to that time would be considered.  Thus all claims to future fees would necessarily be speculative and uncertain.

cannot constitute, for policy reasons, 98% of the amount in controversy. *See* § 3C, *supra*.

Therefore, Defendants' final attempt at clinging to jurisdiction in this Court equally fails.

## IV.    IN CASES WHERE THE AMOUNT IN CONTROVERSY IS SO DUBIOUS, A COURT SHOULD DECLINE JURISDICTION OVER NOVEL STATE LAW ISSUES

Defendants misinterpret and misstate Plaintiff's argument regarding the novelty

of the CPPA. Far from advocating that this court remand "regardless [of] whether

subject-matter jurisdiction exists," Opp. at 18, Plaintiff specifically stated that the

complaint "contains no federal cause of action and fails to meet the amount in

controversy requirement." Mot. for Remand at 11. The case cited by Defendants,

*Thermotron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 344-45 & n.9 (1976) is

therefore irrelevant since, in that case, the court explicitly found that subject matter

existed.

Plaintiff's argument is rather that the novelty of the state law claim is *yet another*

*reason* for the court to resolve all doubt concerning the propriety of removal in favor of

remand. *Walker*, 267 F. Supp.2d at 32; *Univ. of S. Ala.*, 168 F.3d at 411; *Nwachukwu*,

223 F. Supp. 2d at 66. Given the pronounced federal policy in favor of the limited

jurisdiction of federal courts, the dearth of evidence put forward by Defendants in this

case regarding the amount in controversy, and the novelty of the state law at issue, this

Court should resolve all doubt regarding jurisdiction against Defendants' on this matter.

*Smith v. Maryland & Virginia*, No. 04-1974 (HHK), 2005 WL 3276280 *12 (D.D.C.

Aug. 4, 2005)[16]

---

[16]    Defendants attempt to distinguish this case as a decision based on the supplemental jurisdiction statute, stating that it is "not relevant here." Opp. at 18 n.6. Putting aside their citation to *Allapattah* (Opp. at 14), this case is relevant in the sense that it also relies on the policy considerations of the federal court's limited jurisdiction.

## CONCLUSION

Because the Defendants have not met their burden in bringing forth affirmative evidence that this Court's jurisdictional requirements are met, the Court should grant Plaintiff's motion to remand this action.

Dated:  July 14, 2006                    **FINKELSTEIN, THOMPSON & LOUGHRAN**

Tracy D. Rezvani  (DC Bar #464293)
Donald J. Enright (DC Bar #463007)
Hilary Ratway    (DC Bar #481465)
Stan M. Doerrer
The Duvall Foundry
1050 30th Street, NW
Washington, DC  20007
(202) 337-8000
(202) 337-8090 fax

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNN KOHAN,<br><br>          Plaintiff,<br>   v.<br><br>H&R BLOCK, INC. and H&R BLOCK<br>FINANCIALADVISORS, INC.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 06-1066 (RCL)

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of July, 2006, true and correct copies of the Reply in Support of Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction and Declaration of Tracy D. Rezvani in Support of Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction were served by **electronic filing and first class mail** upon:

| | |
|---|---|
| Paul M. Smith<br>Ginger D. Anders<br>JENNER & BLOCK LLP<br>601 Thirteenth Street, NW<br>Suite 1200 South<br>Washington, DC 20005<br>Tel:  202-639-6000<br>Fax:  202-639-6066 | Anton R. Valukas<br>Matthew M. Neurmeier<br>Richard P. Steinken<br>Molly J. Moran<br>JENNER & BLOCK LLP<br>One IBM Plaza<br>Chicago, IL 60611<br>Tel:  312-222-9350<br>Fax:  312-527-0484 |

Laurance W. Frierson